**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **PATRICIA ANN STURDIVANT,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV 08-J-1093-S |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of the Social** ] | |
| **Security Administration**, ] | |
| ] | |
| Defendant. | |

**MEMORANDUM OPINION**

This matter is before the court on the record and the briefs of the parties.  The court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal and remand of the final decision of the Commissioner.   All administrative remedies have been exhausted.

The plaintiff filed applications disability insurance benefits and Supplemental Security Income, alleging an inability to work due to congestive heart failure, high blood pressure, acid reflux and migraine headaches (R. 74).  The current application was denied initially (R. 18-24, 228-234) and again by an Administrative Law Judge on August 2, 2007 (R. 12-17).  The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review on April 23, 2008 (R. 3-5).

At the time of the hearing, the plaintiff was 55 years old and had completed two years of college, but received no degree (R. 239-240).  The plaintiff testified at the hearing that she could not work due to congestive heart failure, headaches, fatigue, tiredness, depression, and fear of dying (R. 241).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied.  *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The medical evidence before the court reveal that the plaintiff suffers from high blood pressure, but has repeated stopped taking medication for it (R. 90, 106).  Numerous medical tests, including x-rays, CAT scans, an echocardiogram, and a stress test, have been negative (R. 142, 146, 169, 179).  She does have a low heart rate and has been diagnosed with congestive heart failure, but those same records reflect that the plaintiff's cardiologist had related to her that her heart problems were not a serious concern (R. 100-101, 104).  Headaches are noted sporadically in the plaintiff's medical records, but those same records state the headaches improve with medication (R. 111, 165-166, 207).  More apparent are the numerous records where the plaintiff reports she is headache free (R. 100, 104 , 106, 115, 122-123).   A consultative examiner opined that the plaintiff could stand and/or walk for six hours in an eight hour work day, had no restrictions on sitting, could occasionally lift and carry 50 pounds, and could frequently lift and carry 25 pounds (R. 193-197).

The plaintiff asserts that the ALJ failed to properly credit the plaintiff's credibility. Plaintiff's brief at 4-6.  Having reviewed the opinion of the ALJ, the court finds that he carefully and meticulously detailed the plaintiff's medical records before concluding that the plaintiff's testimony of disabling pain from migraine headaches was wholly unsupported by

the medical records.  The plaintiff's arguments otherwise are simply not supported by the medical evidence in the record.[1]

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence.  Accordingly, the decision of the Commissioner must be affirmed.

Done, this 21st day of  January, 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[1]For example, the plaintiff asserts that "as of March 9, 2007, she was still followed at Cooper Green for her headaches (R. 207).  That medical record notes "the HA's have improved tremendously."  *Id.*

3